IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERRY L. BADGER, )
    Plaintiff, )
     )
v. ) Civil Action No. 11-1145
     ) Electronically Filed
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL )
SECURITY, )
    Defendant. )

**MEMORANDUM OPINION RE: PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT (DOC. NOS. 10 AND 12)**

**I.     Introduction**

Plaintiff Sherry L. Badger ("Badger") brings this action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act ("Act") [42 U.S.C. §§ 1381-1383f]. The matter is presently before the Court on cross-motions for summary judgment filed by the parties pursuant to Federal Rule of Civil Procedure 56. ECF Nos. 10 & 12. For the reasons that follow, the motion for summary judgment filed by the Commissioner (*ECF No. 12*) will be denied, and the motion for summary judgment filed by Badger (*ECF No. 10*) will be denied to the extent that it requests an award of benefits but granted to the extent that it seeks a vacation of the Commissioner's final decision, and a remand for further proceedings. The Commissioner's decision will be vacated, and the case will be remanded to him for further proceedings.

1

## II. Procedural History

Badger protectively applied for SSI benefits on May 4, 2009, alleging that she had become "disabled" on January 1, 2006. R. 101, 116. The Pennsylvania Bureau of Disability Determination ("Bureau") denied the application on July 16, 2009. R. 59. Badger responded on September 2, 2009, by filing a timely request for an administrative hearing. R. 17. On October 8, 2010, a hearing was held in Mars, Pennsylvania, before Administrative Law Judge ("ALJ") John J. Porter. R. 27. Badger, who was represented by counsel, appeared and testified at the hearing. R. 35-49. Dr. William H. Reed, an impartial vocational expert, also testified at the hearing. R. 49-55. In a decision dated October 22, 2010, the ALJ determined that Badger was not "disabled" within the meaning of the Act. R. 14-26.

On December 21, 2010, Badger sought administrative review of the ALJ's decision by filing a request for review with the Appeals Council. R. 5. The Appeals Council denied the request for review on July 27, 2011, thereby making the ALJ's decision the final decision of the Commissioner in this case. R. 1. Badger commenced this action on September 9, 2011, seeking judicial review of the Commissioner's decision. ECF Nos. 1 & 2. Badger and the Commissioner filed motions for summary judgment on March 14, 2012, and March 20, 2012, respectively. ECF Nos. 10 & 12. These motions are the subject of this memorandum opinion.

## III. Standard of Review

This Court's review is plenary with respect to all questions of law. *Schaudeck v. Commissioner of Social Security Administration*, 181 F.3d 429, 431 (3d Cir. 1999). With respect to factual issues, judicial review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). A United States District Court may not undertake a *de novo* review of the

Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-1191(3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions. He or she must make specific findings of fact. *Stewart v.*

3

*Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rule making authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court recently summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity."[20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (footnotes omitted). Factual findings pertaining to all steps of the sequential evaluation process are subject to judicial review under the "substantial evidence" standard. *McCrea v. Commissioner of Social Security*, 370 F.3d 357, 360-361 (3d Cir. 2004).

In an action in which review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in

4

making its decision. In *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194

(1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196.

The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four corners of the ALJ's decision. *Cefalu v. Barnhart*, 387 F.Supp.2d 486, 491 (W.D.Pa. 2005).

### IV. The ALJ's Decision

In his decision, the ALJ determined that Badger had not engaged in substantial gainful activity subsequent to the date of her application. R. 19. Badger was found to be suffering from rheumatoid arthritis, osteoarthritis, chronic obstructive pulmonary disease ("COPD"), degenerative disc disease of the lumbar spine, fibromyalgia, and a mood disorder. R. 19. These impairments were deemed to be "severe" under the Commissioner's regulations. R. 19; 20 C.F.R. §§ 416.920(a)(4)(ii), 416.920(c). The ALJ concluded that Badger's impairments did not meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listing of Impairments" or, with respect to a single impairment, a "Listed Impairment" or "Listing"). R. 19-21.

In accordance with 20 C.F.R. § 416.945, the ALJ assessed Badger's "residual functional capacity"[1] as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity [sic] perform light work as defined in 20 CFR 416.967(b). The claimant must have the opportunity to sit or stand at a maximum frequency of 30 minutes; she must avoid concentrated exposure to dust, fumes, gases, and temperature extremes; she is limited to using her hands for only 50% of the time for fine fingering, grasping, and handling; and she is limited to simple, routine, repetitive tasks, not involving a fast-paced production environment, with only simple decisions, and only occasional interaction with others.

R. 21. Badger had no "past relevant work"[2] experience. R. 24. She was born on May 20, 1957, making her fifty-one years old when she filed her application and fifty-three years old on the date of the ALJ's decision. R. 25, 36. She was classified as a "person closely approaching advanced age" under the Commissioner's regulations. 20 C.F.R. § 416.963(d). Badger had a high school education and an ability to communicate in English. R. 25, 36, 121, 127; 20 C.F.R. § 416.964(b)(4)-(5). Given the applicable residual functional capacity and vocational assessments, the ALJ concluded that Badger could work as a photocopy machine operator or security guard. R. 25-26. Dr. Reed's testimony established that these jobs existed in the national economy for purposes of 42 U.S.C. § 1382c(a)(3)(B).[3] R. 50-51.

---

[1] The term "residual functional capacity" is defined as "that which an individual is still able to do despite the limitations caused by his or her impairments." *Hartranft v. Apfel*, 181 F.3d 358, 359, n. 1 (3d Cir. 1999)(parentheses omitted), citing 20 C.F.R. § 404.1545(a). The same residual functional capacity assessment is used at the fourth and fifth steps of the sequential evaluation process. 20 C.F.R. §§ 404.1545(a)(5)(i)-(ii), 416.945(a)(5)(i)-(ii).

[2] "Past relevant work" is defined as "substantial gainful activity" performed by a claimant within the last fifteen years that lasted long enough for him or her to learn how to do it. 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). The Commissioner has promulgated comprehensive regulations governing the determination as to whether a claimant's work activity constitutes "substantial gainful activity." 20 C.F.R. §§ 404.1571-404.1576, 416.971-416.976.

[3] At the fifth step of the sequential evaluation process, "the Commissioner bears the burden of proving that, considering the claimant's residual functional capacity, age, education, and past work experience, [he or] she can perform work that exists in significant numbers in the regional or national economy." *Boone v. Barnhart*, 353 F.3d 203, 205 (3d Cir. 2003). This burden is commonly satisfied by means of vocational expert testimony. *Rutherford v. Barnhart*, 399 F.3d 546, 551 (3d Cir. 2005).

V.      **Discussion**

Badger challenges the ALJ's findings at the third and fifth steps of the sequential evaluation process. She contends that the ALJ erred in determining that her impairments did not meet or medically equal Listings 12.04 and 12.06. ECF No. 11 at 11. She also argues that the ALJ wrongfully credited the opinion of a non-examining psychological consultant over that of her treating psychiatrist in determining her residual functional capacity. *Id.* at 13. Badger further takes issue with the ALJ's evaluation of her testimony at the hearing. *Id.* at 14-17. These issues will be addressed in sequential order.

The Listing of Impairments describes impairments which render a claimant *per se* disabled without regard to his or her age, education, or past work experience. *Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *Knepp v. Apfel*, 204 F.3d 78, 85 (3d Cir. 2000). In order to qualify as *per se* disabled under the Commissioner's regulations, a claimant must demonstrate that his or her impairment (or combination of impairments) either "matches" a Listing or is "equivalent" to a Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-531, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). An impairment "matches" a Listing only if it satisfies *all* of the relevant medical criteria. *Id.* at 530. An impairment is "equivalent" to a Listed Impairments only if it is supported by medical findings equal in severity to *all* of the criteria applicable to the most similar Listing. *Id.* at 531. The claimant bears the burden of presenting evidence to support his or her allegation of *per se* disability. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir. 1992).

Dr. Richard A. Heil, a non-examining psychological consultant, opined on July 14, 2009, that Badger's impairments did not meet or medically equal Listing 12.04. R. 285-297. Dr. Heil went on to state that Badger was "able to meet the basic mental demands of competitive work on

7

a sustained basis." R. 284. Badger's treating psychiatrist, Dr. Jose Santiago, reported on November 12, 2009, that Badger was *per se* disabled under Listings 12.04 and 12.06. R. 299-304. Dr. Santiago further indicated that Badger's abilities to deal with stress in a usual work setting, function independently and maintain attention, and concentration were "poor." R. 306. In his decision, the ALJ incorrectly stated that no physician, psychologist, psychiatrist or caregiver had found Badger to be *per se* disabled at the third step of the sequential evaluation process. R. 21. In the portion of his decision discussing Badger's residual functional capacity, the ALJ rejected Dr. Santiago's findings and credited Dr. Heil's opinion. R. 24.

Under the Commissioner's regulations, an opinion expressed by a medical professional who has examined a claimant is ordinarily entitled to more weight than an opinion provided by a non-examining source. 20 C.F.R. § 416.927(d)(1); *McPherson v. Astrue*, 605 F.Supp.2d 744, 772 (S.D.W.Va. 2008). This is especially true when the examining source is also a *treating* source. 20 C.F.R. § 416.927(d)(2). For this reason, the United States Court of Appeals for the Third Circuit has consistently maintained that the opinion of a treating physician is entitled to more weight than the opinion of a non-examining medical consultant. *Brownawell v. Commissioner of Social Security*, 554 F.3d 352, 357 (3d Cir. 2008); *Dorf v. Bowen*, 794 F.2d 896, 901 (3d Cir. 1986); *Brewster v. Heckler*, 786 F.2d 581, 585 (3d Cir. 1986); *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984). This line of reasoning applies with particular force when mental impairments are involved. A psychiatrist usually cannot "formulate medical opinions based upon objective findings derived from objective clinical tests." *Sheehan v. Metropolitan Life Insurance Co.*, 368 F.Supp.2d 228, 255 (S.D.N.Y. 2005). "In contrast to some physical impairments, which can be verified or discounted solely by reference to reports of objective tests, mental impairments are generally identified on the basis of a psychiatric

professional's interactions with an impaired individual." *Haisley v. Sedgwick Claims Management Services, Inc.*, 776 F.Supp.2d 33, 50 (W.D.Pa. 2011).

In determining that Dr. Santiago's opinion did not reflect Badger's actual abilities and limitations, the ALJ placed some reliance on the absence of "specific explanations" for the limitations alleged. R. 24. At the hearing, Badger's counsel expressed frustration with the unwillingness of Dr. Santiago's staff to provide all of Badger's treatment records. R. 30-34. The ALJ appears to have based his decision to reject Dr. Santiago's assessment, at least in part, on the fact that the record did not contain treatment records substantiating the more severe limitations described in that assessment. R. 24. Since Social Security disability proceedings "are inquisitorial rather than adversarial," however, the ALJ had a "duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-111, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000)(plurality opinion). If the ALJ was dissatisfied with the probative value of the evidence contained in the record, he had the option of asking Badger to undergo a consultative psychiatric evaluation. 20 C.F.R. § 416.919a(b). Given the drastic difference between the opinions expressed by Dr. Santiago and Dr. Heil, the ALJ's decision to credit Dr. Heil's opinion without further inquiry was problematic. *Brownawell*, 554 F.3d at 357. This is especially true in light of the ALJ's failure to acknowledge that Dr. Santiago had found Badger to be *per se* disabled under Listings 12.04 and 12.06. R. 21.

Dr. Dilip S. Kar, a non-examining medical consultant, opined on July 10, 2009, that Badger was physically capable of performing "light"[4] work activities involving only "occasional" postural maneuvers and no concentrated exposure to temperature extremes, wetness

---
[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

9

or vibration. R. 275-281. Dr. Farooq Hassan, a treating physician, apparently failed or declined to detail Badger's physical limitations in a "medical source statement." R. 230-233. Although the ALJ's residual functional capacity assessment afforded Badger an "opportunity to sit or stand at a maximum frequency of 30 minutes," it did not include any of the postural limitations identified by Dr. Kar. R. 21. Since it is undisputed that Badger suffers from rheumatoid arthritis, osteoarthritis, degenerative disc disease of the lumbar spine, and fibromyalgia, the ALJ was required to base his conclusions concerning the presence or absence of postural limitations on competent medical evidence. *Doak v. Heckler*, 790 F.2d 26, 29 (3d Cir. 1986). The ALJ never explained why he chose not to incorporate the postural limitations identified by Dr. Heil within his assessment of Badger's residual functional capacity. R. 21-24, 277.

Where a claimant has both physical and mental limitations, there is a particularly acute need for an accurate assessment of his or her residual functional capacity. *Burnam v. Schweiker*, 682 F.2d 456, 458 (3d Cir. 1982). In this case, the ALJ's residual functional capacity finding was deficient for two reasons. First, the ALJ improperly assessed Badger's mental limitations by rejecting the opinion of her treating psychiatrist solely on the basis of an opinion provided by a non-examining psychiatric consultant. *Brownawell*, 554 F.3d at 357. Second, the ALJ failed to rely on countervailing evidence in determining that Badger did not have the postural limitations identified by Dr. Kar. *Doak*, 790 F.2d at 29. In light of these errors, the Commissioner's decision denying Badger's application for SSI benefits cannot stand.

"An immediate award of benefits is appropriate only when the evidentiary record has been fully developed, and when the evidence as a whole clearly points in favor of a finding that the claimant is statutorily disabled." *Ambrosini v. Astrue*, 727 F.Supp.2d 414, 432 (W.D.Pa. 2010). That standard is not satisfied in this case. The ALJ's determination at the third step of

10

the sequential evaluation process was based on the incorrect premise that no treating psychiatrist had found Badger to be *per se* disabled. R. 21. In this respect, the ALJ simply failed to account for the fact that Dr. Santiago's assessment, if credited, would have compelled a finding of *per se* disability under Listings 12.04 and 12.06. R. 299-304. This issue should be addressed by the Commissioner in the first instance. Furthermore, no treating or examining physician detailed Badger's physical limitations on a function-by-function basis. As noted earlier, Dr. Hassan did not complete the "medical source statement" that was provided to him by the Bureau. R. 230-233. The only medical assessment of Badger's physical limitations available to the ALJ was that provided by Dr. Kar. R. 275-281. While that fact cannot excuse the ALJ's failure to account for the postural limitations identified by Dr. Kar, it does counsel against an immediate award of benefits under these circumstances. Consequently, the proper remedy in this case is a remand for further proceedings. *Ambrosini*, 727 F.Supp.2d at 432.

The Commissioner must give "serious consideration" to a claimant's subjective complaints of disabling symptoms whenever the record contains objective evidence of an impairment that could reasonably be expected to cause such symptoms. *Mason v. Shalala*, 994 F.2d 1058, 1067-1068 (3d Cir. 1993). At the hearing, Badger testified that she could not sit, stand or walk for long periods of time. R. 40-42. The ALJ partially credited Badger's testimony by providing her with an opportunity to change positions every 30 minutes. R. 21, 49-50. This accommodation did not fully account for Badger's testimony. For instance, Badger testified that she frequently needed to lie down for extended periods of time in order to alleviate the pain in her back. R. 42-44. In response to a question posed by Badger's counsel, Dr. Reed testified that an individual who needed to lie down for the amount of time described in Badger's testimony

11

could not maintain a full-time job. R. 55. Badger argues that the ALJ should have found her subjective complaints to be fully credible. ECF No. 11 at 14-17.

Although the ALJ was required to carefully consider Badger's subjective complaints, he was not required to credit them in every respect. *Chandler v. Commissioner of Social Security*, 667 F.3d 356, 363 (3d Cir. 2011). It is worth noting, however, that the record contains documentary evidence which suggests that the accommodation permitting Badger to change positions every 30 minutes may not have fully accounted for her limitations. Martha Sterling, Badger's physical therapist, reported on December 22, 2009, that Badger could walk for only 15-20 minutes, sit for only 30 minutes, and stand for only 10 minutes at a time. R. 329. In any event, there is no need for the Court to consider whether the ALJ's evaluation of Badger's testimony independently requires a remand for further proceedings, since a remand is clearly required for other reasons. It suffices to say that the Commissioner must reconsider the relative weight of Badger's testimony when the record is more fully developed.

## VI. Conclusion

For the foregoing reasons, the motion for summary judgment filed by the Commissioner (*ECF No. 12*) will be denied, and the motion for summary judgment filed by Badger (*ECF No. 10*) will be denied to the extent that it requests an award of benefits. but granted to the extent that it seeks a vacation of the Commissioner's final decision, and a remand for further proceedings. The Commissioner's decision will be vacated, and the case will be remanded to him for further consideration of Badger's application for SSI benefits. Badger must be afforded "an opportunity to be heard" on remand. *Thomas v. Commissioner of Social Security*, 625 F.3d 798, 801 (3d Cir. 2010).

An appropriate order follows.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties